**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: November 2, 2016**

_____
**Hon. William V. Altenberger**
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CAPITOL LAKES, INC., | § | Case No. 16-10158 |
| | § | |
| Debtor.[1] | § | Hon. Robert D. Martin |

### AGREED ORDER APPROVING FIRST INTERIM FEE APPLICATION OF ALVAREZ & MARSAL HEALTHCARE INDUSTRY GROUP, LLC AND ALVAREZ & MARSAL VALUATION SERVICES, LLC AS FINANCIAL ADVISOR AND VALUATION EXPERT TO THE DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD JANUARY 20, 2016 THROUGH JUNE 30, 2016

Upon the first interim application [Dkt. No. 453] (the "Application")[2] of Alvarez &

Marsal Healthcare Industry Group, LLC, Alvarez & Marsal Valuation Services, LLC and each of

their wholly owned subsidiaries, independent contractors, and employees of its affiliates (all of

which are wholly-owned by its parent company and employees) (collectively, "A&M"), as

financial advisor and valuation expert to the above-captioned debtor and debtor in possession

(the "Debtor"), pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule

2016, seeking allowance of compensation totaling $1,186,122.50 (and payment of 80% of such

---

[1] The debtor in this chapter 11 case, along with the last four (4) digits of its taxpayer identification number, is: Capitol Lakes, Inc. (2320). The mailing address of the debtor, solely for purposes of notices and communications, is: 333 W. Main Street, Madison, WI 53703.

[2] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Application.

amount or $948,898.00) and reimbursement of ordinary and necessary expenses totaling

$24,852.04 (and payment of 100% of such expenses) incurred during the period from January

20, 2016 through June 30, 2016 (the "Application Period"); and the Court having jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration

of the following objections to the Application (the "Objections"): (i) *Limited Objection of*

*Santander Bank, N.A. and KBC Bank, N.V. to the First Interim Fee Application of Alvarez &*

*Marsal Healthcare Industry Group, LLC and Alvarez & Marsal Valuation Services, LLC* filed by

Santander Bank, N.A. and KBC Bank N.V. (together, the "Banks") [Dkt. No. 464] and (ii)

*United States Trustee's Objection to Alvarez & Marsal Healthcare Industry Group, LLC and*

*Alvarez & Marsal Valuation Services, LLC's First Interim Fee Application for Services*

*Rendered and Reimbursement of Expenses Incurred During the Period of January 20, 2016*

*Through June 30, 2016* filed by the Office of the United States Trustee for the Western District

of Wisconsin (the "U.S. Trustee") [Dkt. No. 470]; and the Court having determined that the

relief sought in the Application is in the best interests of the Debtor, its creditors, and all parties

in interest; and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and due and proper notice of the

Application having been provided to the necessary parties; and it appearing that no other or

further notice need be provided; and after due deliberation and sufficient cause appearing

therefore, it is hereby:

**ORDERED THAT:**

1.      The Application is approved as provided herein.

2

EAST\131311327.3

2.      Subject to Paragraph 4 below, A&M is allowed compensation totaling
$1,186,122.50 for services rendered (the "Allowed Compensation") and reimbursement of
ordinary and necessary expenses totaling $24,852.04 incurred during the Application Period.

3.      The Debtor is authorized to pay A&M $948,898.00, representing 80% of the
Allowed Compensation, as compensation for services rendered, and $24,852.04 as
reimbursement of expenses incurred by A&M as financial advisor and valuation expert to the
Debtor during the Application Period.

4.      As set forth in the Application, A&M agreed to hold back payment of twenty
percent (20%) of the Allowed Compensation, or $237,224.50, to be sought as part of its final fee
application (the "Holdback").  However, in exchange for the withdrawal of the Objections and
the agreements of the U.S. Trustee and the Banks set forth in paragraph 5 below, A&M agrees to
waive $198,477.00 of the Holdback in any subsequent fee application.

5.      The U.S. Trustee and the Banks shall not seek a further reduction of any fees or
expenses sought in the Application, including, without limitation, by seeking a further reduction
in A&M's request for final approval of the compensation and expenses sought in the
Application.  In addition, the U.S. Trustee and the Banks agree that A&M's voluntary reduction
of the Holdback shall not be used as a basis to object to any future request by A&M for
compensation and reimbursement of expenses.  The U.S. Trustee, however, reserves the right to
raise issues similar to the ones raised in its Objection in future fee applications.

6.      In exchange for the agreement of A&M set forth in paragraph 4, the Objections
are deemed withdrawn by the U.S. Trustee and the Banks, as applicable.

7.      Nothing in this Order shall prohibit A&M from seeking payment of $38,747.50,
representing the balance of the Holdback not otherwise waived by A&M pursuant to Paragraph 4

3

EAST\131311327.3

above, or seeking additional compensation or reimbursement of expenses for the period after the

Application Period.

8.      Nothing in this Order nor the voluntary reduction of the Holdback by A&M shall

be deemed an admission as to the merits of the Objections.

9.      The Debtor is authorized and directed to take all actions necessary to effectuate

the relief granted pursuant to this Order.

10.     Notwithstanding Bankruptcy Rule 6004, this Order shall be immediately effective

and enforceable upon its entry, and the Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and enforcement of this Order.

####

EAST\131311327.3